UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DAVID G. FINCH

        Plaintiff,

  -against-

NYC TRANSIT AUTHORITY,

        Defendant.
------------------------------------------------------------X

**MEMORANDUM & ORDER**

**09-CV-5371 (NGG) (VVP)**

NICHOLAS G. GARAUFIS, United States District Judge.

On December 3, 2009, Plaintiff pro se David G. Finch ("Finch") brought this action against the New York City Transit Authority ("Defendant"), alleging violations of Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e et seq., and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112 et seq. (See Compl. (Docket Entry # 1) at 1.) Defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(6). (Docket Entry # 22.) For the reasons stated below, Defendant's motion is granted.

**I. BACKGROUND**

Finch's Complaint is submitted on a court-provided form for pro se litigants who allege employment discrimination. (See Compl.) Finch alleges that Defendant, by terminating his employment and failing to accommodate his disability (diabetes), discriminated against him on the basis of that disability and on the basis of his race (which Finch does not specify), in violation of Title VII and the ADA. (See id. at 1, 3, 4.) The last date of discrimination Finch alleges was May 21, 2007. (Id. at 3, 4.)

Finch checked off a box indicating that he had made a complaint to the Equal Employment Opportunity Commission ("EEOC"), and claims that this occurred in September

1

2007. (Id. at 4.) However, he also checked off a box indicating that the EEOC "has not issued a Right to Sue letter." (Id. at 6 (emphasis in original).) In his submissions responding to Defendant's motion to dismiss, Finch includes an email, dated November 26, 2007, apparently sent to Finch by John Douglass, a Unit Supervisor at the EEOC. (Finch Resp. (Docket Entry # 25) at 2.) Finch states that Douglass's email was sent in response to an EEOC case Finch initiated in June 2007. (Id.) Douglass, in his November 2007 email, wrote:

> Attached is a charge form and draft statement for you to review, as we discussed when you visited our offices recently. Please review the draft statement form, make any necessary changes, sign and have it notarized, and mail or submit back to us in person. The charge will then be assigned to an investigator and served on the company against whom you are making a complaint.

(Id. at 2.) Attached to the email is a "Charge of Discrimination" form for Finch to sign, including a draft summary of Finch's allegations. (Id. at 3-4.) Finch apparently never signed the charge and never responded to Douglass's email. Indeed, counsel for Defendant states that Defendant never received an EEOC charge in connection with Finch's allegations. (Sheridan Decl. (Docket Entry # 22-1) ¶ 7.) Finch explains that, due to the discontinuation of his cable service in October 2007, he did not receive the email until May 25, 2011. (Finch Resp. at 1.)

On September 27, 2010, Finch submitted a letter to the court, enclosing, without explanation, a "Right to Sue" letter issued by the EEOC. (Docket Entry # 14.) This Right to Sue letter is dated August 31, 2010—i.e., almost nine months after Finch filed the instant complaint, and after Defendant served its motion to dismiss. (Id. at 2.) In response to Finch's letter, Defendant submitted a letter attaching an EEOC charge form corresponding to the August 2010 Right to Sue letter. (Docket Entry # 16-3.)[1] This charge form is signed and dated—by hand—"Aug 17, 07." (Id.) However, it is stamped as having been "received" by the EEOC on August

---

[1] The August 2010 Right to Sue letter and the charge form submitted by Defendant share the same "charge number" (520-2010-03277). Notably, this number does not match the one assigned to the charge form John Douglass sent to Finch in his November 2007 email (520-2008-00572). (Finch Resp. at 3.)

2

17, 2010. (Id.) Notwithstanding the handwritten date of "Aug. 17, 07," it is apparent that, after filing his Complaint in the instant action, and after Defendant served him with its motion to dismiss, Finch, on August 17, 2010, attempted to initiate a complaint with the EEOC, leading to the August 31, 2010 Right to Sue letter. Finch has not claimed otherwise.

Finch states that, because he did not "hear from the EEOC by April 2008," he instead filed a complaint with the New York State Division of Human Rights ("DHR") in May 2008. (Compl. at 4; Finch Resp. at 1.) Defendant attaches to its motion copies of Finch's May 2008 DHR complaint and the DHR's May 2009 dismissal. (Docket Entry ## 22-2, 22-4.)

## II. STANDARD

In reviewing a defendant's motion to dismiss under Rule 12(b)(6), the court accepts as true all allegations of fact made by the plaintiff and draws all reasonable inferences from these allegations in the plaintiff's favor. See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks omitted). But while "the submissions of a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks omitted), even a pro se complaint will be dismissed if it does not contain sufficient factual matter, accepted as true, to state a claim upon which relief can be granted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). In deciding a motion to dismiss, the court may consider "any written instrument attached to [the complaint] as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint." Sira v. Morton, 380 F.3d 57, 67 (2d Cir. 2004) (internal citations omitted). The

court may also consider public documents. See Blue Tree Hotels Inv., Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004).

## III. DISCUSSION

Where the plaintiff in a Title VII or ADA case has sought relief in state administrative proceedings—as Finch did here—he has 300 days from the date of the accrual of his claims to file an EEOC charge. See 42 U.S.C. §§ 2000e-5(e)(1) and 12117(a); Harris v. City of New York, 186 F.3d 243, 247-48 (2d Cir. 1999). The plaintiff then has ninety days from the receipt of the Right to Sue letter to bring suit in federal court. See 42 U.S.C. §§ 2000e-5(e)(1) and 12117(a); Sherlock v. Montefiore Medical Center, 84 F.3d 522, 525 (2d Cir. 1996); Cornwell v. Robinson, 23 F.3d 694, 706 (2d Cir. 1994). The failure to abide by these rules will result in the dismissal of the complaint. See Williams v. N.Y. City Hous. Auth., 458 F.3d 67, 69 (2d Cir. 2006) ("Before an individual may bring a Title VII suit in federal court, . . . [he] must receive a 'Notice of Right to Sue' letter from the EEOC."); Harris, 186 F.3d at 248 ("Because Harris did not file his first EEOC charge until . . . more than 300 days after [his claim accrued], his ADA claim based on that injury is time-barred.").

Finch's claims accrued when he first knew or had reason to know of the discrimination he alleges. See Harris, 186 F.3d at 247. Therefore, they accrued no later than May 21, 2007, after which he had 300 days to file a charge with the EEOC—i.e., until March 16, 2008. Finch's submissions indicate that he initiated the process of filing a complaint with the EEOC sometime in the fall of 2007, but did not actually file a completed EEOC charge form until August 2010. His claims therefore must be dismissed as time-barred.

The time limits under Title VII and the ADA are not jurisdictional and are therefore subject to equitable tolling. See Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982);

4

Zerilli-Edelglass v. New York City Transit Authority, 333 F.3d 74, 80 (2d Cir. 2003). However, equitable tolling is only appropriate in "rare and exceptional" circumstances in which a party is "prevented in some extraordinary way from exercising his rights." Id.

> Equitable tolling is generally considered appropriate where the plaintiff actively pursued judicial remedies but filed a defective pleading during the specified time period, where plaintiff was unaware of his or her cause of action due to misleading conduct of the defendant, or where a plaintiff's medical condition or mental impairment prevented her from proceeding in a timely fashion. When determining whether equitable tolling is applicable, a district court must consider whether the person seeking application of the equitable tolling doctrine (1) has acted with reasonable diligence during the time period she seeks to have tolled, and (2) has proved that the circumstances are so extraordinary that the doctrine should apply.

Id. at 80-81 (internal citations and quotation marks omitted). Finch appears to claim that the reason he failed to timely file an EEOC charge is that, due to his cable service having been discontinued, he did not receive until 2011 the 2007 email sent to him by John Douglass of the EEOC. Even accepting this claim as true, Finch has failed to show that he is entitled to equitable tolling. He has not shown that he "actively pursued judicial remedies," that Defendant misled him, that any mental or physical impairment prevented him from timely filing, that he acted diligently, or that the circumstances surrounding his untimely filing were in any other way "extraordinary."

### III. CONCLUSION

Because Finch's claims under Title VII and the ADA are time-barred, and because Finch is not entitled to equitable tolling, all claims against Defendant are DISMISSED.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
July 7, 2011

NICHOLAS G. GARAUFIS
United States District Judge